**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4432**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

RAYMOND O. LEECH, a/k/a Neil,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. William D. Quarles, Jr., District
Judge. (1:06-cr-00427-WDQ-2)

Argued: October 29, 2010         Decided: February 2, 2011

Before TRAXLER, Chief Judge, and DUNCAN and KEENAN, Circuit
Judges.

Affirmed in part, vacated in part, and remanded by unpublished
opinion. Judge Keenan wrote the opinion, in which Chief Judge
Traxler and Judge Duncan joined.

**ARGUED:** Michael R. Carithers, Jr., Baltimore, Maryland, for
Appellant. Michael Clayton Hanlon, OFFICE OF THE UNITED STATES
ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:** Rod J.
Rosenstein, United States Attorney, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

KEENAN, Circuit Judge:

Raymond O. Leech was convicted of conspiring to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846. He argues on appeal that the district court: 1) abused its discretion in refusing to permit him to withdraw his guilty plea; and 2) erred in sentencing him to 151 months' imprisonment, at the high end of his sentencing guidelines range, without making any findings concerning the factors stated in 18 U.S.C. § 3553(a) or otherwise explaining the reasons for the sentence imposed.

We conclude that the district court did not abuse its discretion in denying Leech's motion to withdraw his guilty plea, and we affirm Leech's conviction. However, we hold that the district court committed significant procedural error in sentencing Leech, by failing to make an individualized assessment and by failing to articulate a reason for the sentence imposed. Therefore, we vacate Leech's sentence and remand for resentencing.

I.

In November 2006, Leech and ten other individuals were indicted for conspiring to distribute, and possessing with the intent to distribute, 100 kilograms or more of marijuana and 500 grams or more of cocaine. This charge carried a mandatory

2

minimum sentence of five years' imprisonment. 21 U.S.C. § 841(b)(1)(B).

In June 2007, Leech entered a guilty plea to the marijuana component of the conspiracy charge. The district court held a Rule 11 plea hearing, in which the court described the charges and informed Leech of the mandatory minimum five-year sentence under 21 U.S.C. § 841(b)(1)(B). The district court asked Leech, who was being examined under oath, if he understood "the charge and the penalty." Leech answered, "yes." When the district court asked whether Leech understood "what [he was] pleading guilty to, what it means, and what the penalties are," Leech again answered, "yes."

In response to questions posed by the district court, Leech stated that he was able to read, write, and understand the English language. Leech informed the district court that he had conferred with his counsel regarding the indictment, that his counsel had answered all of Leech's questions, and that Leech was satisfied with the services rendered by his counsel. Leech further stated that he had read and understood the plea agreement, had discussed it with counsel, and agreed to its terms. Finally, Leech represented to the district court that the facts stated in the plea agreement were true, and that he was pleading guilty "because [he was], in fact, guilty."

Leech's sworn statements during this plea hearing were consistent with the statements in his written plea agreement, which was presented to the district court as part of his guilty plea. Leech signed this plea agreement directly beneath a written representation that he had read the agreement carefully along with his counsel, that he understood and consented to the agreement, that he reviewed with his counsel both the factual stipulation and the stipulation regarding the advisory Federal Sentencing Guidelines (the guidelines) that were included in his plea agreement, and that he was completely satisfied with the services provided by his counsel. The written plea agreement also specified the five-year mandatory term of imprisonment provided by 21 U.S.C. § 841(b)(1)(B) for the charge of conspiracy to distribute marijuana.

Additionally, in the factual stipulation accompanying his written plea agreement, Leech admitted his active and supervisory roles in the drug trafficking scheme, which involved more than 400 kilograms (800 pounds) of marijuana. Leech also admitted in this factual stipulation that he personally received at least 225 kilograms (495 pounds) of marijuana within a six-month period as part of the conspiracy, and that it was "reasonably foreseeable" to Leech that at least 400-600 kilograms (880-1320 pounds) of marijuana would be distributed during the course of Leech's participation in the conspiracy.

4

In January 2008, more than seven months after his Rule 11 plea hearing, Leech, acting pro se, sent a letter to the district court asking to withdraw his guilty plea, based on his assertion that he had been told he was subject to a lesser term of imprisonment than the terms stated in the plea agreement. Thereafter, on March 19, 2008, one week before he was scheduled to be sentenced, Leech, then represented by new counsel, filed a formal motion seeking to withdraw his guilty plea.

In this motion, Leech claimed that he was not provided a copy of his indictment, that he signed the plea agreement under pressure, that his plea was not knowingly and voluntarily made, that the plea terms regarding his sentencing guidelines range and the mandatory minimum prison term were different from what his prior counsel had told him, and that he had not been given an opportunity to credibly assert his innocence. Leech contended that he was informed by his prior counsel that he would receive a sentence under the guidelines of between 46 and 57 months' imprisonment, rather than the five-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B), or the guidelines calculation in the presentence report of between 87 and 108 months' imprisonment.[1]

---

[1] The 87-to-108 month sentencing range under the guidelines, as set forth in the presentence report, assumed a three-level downward departure for acceptance of responsibility.

In March 2008, the district court conducted a sentencing hearing, in which the court heard oral argument concerning Leech's motion to withdraw his guilty plea. During this hearing, Leech contradicted many of the statements that he had made under oath in June 2007 during the Rule 11 hearing. The government opposed Leech's motion.

The district court considered the list of six non-exclusive factors identified in United States v. Moore, 931 F.2d 245 (4th Cir. 1991), and in United States v. Bowman, 348 F.3d 408 (4th Cir. 2003), which provide guidance in determining whether a defendant should be allowed to withdraw a guilty plea. These factors include:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary;
> (2) whether the defendant has credibly asserted his legal innocence;
> (3) whether there has been a delay between the entering of the plea and the filing of the motion;
> (4) whether defendant has had close assistance of competent counsel;
> (5) whether withdrawal will cause prejudice to the government; and
> (6) whether [withdrawal] will inconvenience the court and waste judicial resources.

Bowman, 348 F.3d at 414 (citing Moore, 931 F.2d at 248).

The district court held that each of these six factors weighed against granting Leech's motion. First, the district court found that Leech's plea was knowing and voluntary, based on the sworn statements given by Leech during the plea colloquy.

6

Second, the district court found that Leech did not credibly assert his innocence because Leech disputed only the quantity of drugs involved, rather than his participation in the conspiracy. The district court also found that there was sufficient evidence of Leech's guilt, as recounted in the stipulation of facts that Leech signed, as well as Leech's admission during the Rule 11 hearing that he was in fact guilty of the crime charged.

Third, the district court noted that Leech waited about seven months between submitting his plea on June 8, 2007, and his January 28, 2008 letter seeking to withdraw the plea. The district court characterized this delay as "significant." Fourth, the district court found that Leech had close assistance of his prior counsel, who was competent and, in the court's opinion, "was one of the more experienced, capable, zealous, and articulate federal public defenders in [the] district."

Fifth, the district court determined that there would be prejudice to the government if Leech were allowed to withdraw his guilty plea. The district court noted that one of Leech's codefendants was scheduled to be tried soon, and a decision to join Leech as a codefendant in that trial would require the government "to expend additional resources and lengthen [the] trial" because of additional evidence that would be required. Sixth and finally, the district court held that joining Leech as a codefendant in the upcoming trial would lengthen the

7

proceedings, would be an inconvenience to the court, and would waste judicial resources. Because the district court determined that each of these six factors weighed against allowing Leech to withdraw his guilty plea, the district court denied Leech's motion.

The district court proceeded to hear argument regarding the appropriate sentence that Leech should receive. The government argued that the district court should not apply a downward departure to Leech's guidelines range based on acceptance of responsibility because Leech had attempted to withdraw his guilty plea. The government also referred to the extremely large amount of drugs involved in the conspiracy, and to Leech's two previous drug-related convictions, requesting a sentence at the high end of Leech's guidelines range of 121-151 months' imprisonment. Leech asked for a sentence at the low end of his guidelines range, asserting that he needed to be present to help his young son, and that Leech could "better[] himself" by participating in a drug treatment program.

The district court sentenced Leech to a term of imprisonment of 151 months, at the high end of Leech's guidelines range, followed by a five-year term of supervised release. The district court stated that it was not adjusting Leech's offense level for acceptance of responsibility "considering the circumstances of the attempt to withdraw the

[guilty] plea." Other than this statement, the district court did not explain its reasons for sentencing Leech to 151 months' imprisonment. Leech, however, did not object, either at the hearing or in writing following the hearing, to the procedure employed by the district court in imposing his sentence.

## II.

We first address Leech's argument that the district court abused its discretion in refusing to grant his motion to withdraw his guilty plea.[2] We review the district court's denial of Leech's motion for an abuse of discretion. See United States v. Battle, 499 F.3d 315, 319-20 (4th Cir. 2007). We review the adequacy of the guilty plea de novo. United States v. Good, 25 F.3d 218, 219 (4th Cir. 1994).

A defendant does not have an absolute right to withdraw a guilty plea, but bears the burden of demonstrating a fair and just reason to justify his request for withdrawal. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000); Moore, 931 F.2d at 248. A properly conducted Rule 11 colloquy creates

---

[2] Although the plea agreement contained a waiver of appeal provision, that waiver was applicable only to a sentence resulting from an adjusted offense level of 27 or lower. Because the district court declined to make any adjustment for acceptance of responsibility, Leech's offense level was calculated at level 30. Thus, as the government acknowledges, Leech's appeal waiver is inapplicable here.

a "strong presumption" that a plea of guilty was taken appropriately and is "final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We conclude that the district court did not abuse its discretion in refusing to allow Leech to withdraw his guilty plea. At the Rule 11 hearing, the district court conducted a thorough and comprehensive plea colloquy, ensuring that Leech understood the nature of the charges, including the mandatory minimum and potential maximum penalties under the statute. The district court further determined that Leech had conferred with his counsel and was satisfied with his counsel's services.[3]

Leech's answers during the plea colloquy were consistent with the representations in his plea agreement and the accompanying statement of facts, both of which he signed. Further, there is nothing in the transcript indicating that

---

[3] Leech asserts that his prior counsel promised that Leech would receive a sentence in the range of between 46 and 57 months' imprisonment. The record does not show any evidence of such a promise. We note that the plea agreement that Leech signed specifically advised Leech of the five-year mandatory minimum sentence. Further, any misconceptions Leech had concerning his sentence should have been cured by the district court's colloquy during the Rule 11 hearing, in which Leech was again advised of the five-year mandatory minimum sentence. See Lambey, 974 F.2d at 1394-95 (holding that district court's statements during Rule 11 plea hearing concerning defendant's potential sentence, coupled with defendant's acknowledgment at hearing that he understood this information, defeats claim that defendant's counsel misinformed defendant of possible sentence).

10

Leech failed to understand the meaning of the district court's questions or the consequences of his answers. Therefore, Leech must overcome the "strong presumption" that his guilty plea is "final and binding." Lambey, 974 F.2d at 1394.

Leech is not able to overcome this "strong presumption" of finality. The district court applied the six non-exclusive factors that we identified in Moore and Bowman, which guide courts in deciding whether a defendant has demonstrated a fair and just reason for withdrawing a guilty plea. For the reasons stated by the district court in its consideration of the six factors set forth above, we agree that each of these factors weighs against allowing Leech to withdraw his plea.

Of particular significance, we note that Leech's request to withdraw his guilty plea, and his arguments on appeal, contradict many of the statements that he made under oath during the Rule 11 plea hearing. As the district court observed, Leech's motion effectively placed him in the untenable position of arguing that he was lying under oath during his sworn testimony in the Rule 11 hearing, but was telling the truth in his unsworn statements in his motion to withdraw his guilty plea. Based on these considerations, we conclude that the district court did not abuse its discretion in denying Leech's motion to withdraw his guilty plea, and we affirm Leech's conviction.

11

III.

We next consider Leech's argument that his sentence should be vacated because the district court did not explain its reasons for imposing a sentence of 151 months, or otherwise make any findings concerning the factors provided in 18 U.S.C. § 3553(a). Under § 3553(a), the district court "shall consider" a number of factors in determining the sentence to be imposed, including, among others, "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed."

The district court is required to consider the § 3553(a) factors in every case, regardless whether the court's sentence is within the guidelines range. Battle, 499 F.3d at 323. The reason for this requirement, and the requirement that the district court articulate a basis for the sentence imposed, is to ensure that the district court considered the parties' arguments and had a reasoned basis for exercising its sentencing authority. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010).

The requirement that the district court provide an explanation for the sentence imposed also permits "meaningful appellate review" and promotes a perception of fairness in the sentencing process. See Gall v. United States, 552 U.S. 38, 50 (2007). "[A] district court's explanation of its sentence need

12

not be lengthy, but the court must offer some 'individualized assessment' justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." Lynn, 592 F.3d at 584 (quoting Gall, 552 U.S. at 50).

A.

A threshold issue that we consider is whether Leech preserved his argument concerning the procedural unreasonableness of the district court's sentence. The government argues that because Leech did not object in the district court to any purported sentencing errors committed by the court, we should review the district court's sentencing proceeding only for plain error. Leech argues, however, that he preserved this issue by arguing for a sentence at the low end of his guidelines range. Therefore, according to Leech, we should review his sentence for abuse of discretion.

Under similar factual circumstances in Lynn, we addressed the applicable standard of review for claims of procedural sentencing error.[4] In Lynn, we explained that a defendant who fails to object to a sentencing error after a court announces its sentence has not necessarily failed to preserve his argument on that issue. 592 F.3d at 578-79. We held that a defendant

---

[4] Although Lynn was decided after the completion of briefing in this case, the parties addressed the decision during oral argument in this appeal.

13

may preserve his claim of procedural sentencing error if, <u>prior</u> to the court's ruling, the defendant "inform[s] the court . . . of the action the party wishes the court to take."  <u>Id.</u> at 577-78 (quoting Fed. R. Crim. P. 51(b)) (emphasis deleted).  We stated that "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves [his] claim."  <u>Id.</u> at 578.

Here, Leech requested a sentence at the low end of his guidelines range before the district court imposed sentence at the high end of that range.  As stated above, Leech argued during the sentencing hearing that he should be sentenced at the low end of the guidelines range because of his age, his desire to participate in a drug treatment program, and his goal of being a good father to his three-year-old son.  These arguments relate to the "history and characteristics of the defendant," one of the factors identified in § 3553(a).  Thus, because Leech drew arguments from § 3553(a) in his request for a sentence different than the one ultimately imposed, we hold that Leech preserved his claims for appellate review under the abuse of discretion standard.  <u>See</u> <u>Lynn</u>, 592 F.3d at 578; <u>cf.</u> <u>United States v. Hernandez</u>, 603 F.3d 267, 270 (4th Cir. 2010) (reviewing claim of procedural unreasonableness for plain error

14

because defendant did not argue for a sentence different from the sentence that he received).

B.

The government concedes that the district court both failed to make any findings concerning the § 3553(a) factors, and did not otherwise explain during the sentencing hearing the reasons for its imposition of a sentence of 151 months. We agree with the government's characterization of the record in this regard.

When a district court either fails to consider the § 3553(a) factors, or fails to explain the reasons for the sentence imposed, the court commits "significant procedural error." Gall, 552 U.S. at 51. Thus, the district court's failure in the present case to explain its rationale was "significant procedural error," constituting an abuse of discretion. See Gall, 552 U.S. at 51; Lynn, 592 F.3d at 585.

When we conclude that a district court has committed significant procedural error of this type, we ordinarily will vacate a defendant's sentence and remand for resentencing. See United States v. Lewis, 606 F.3d 193, 201 (4th Cir. 2010). The rationale underlying this course of action is that the district court, not an appellate court, must make an individualized assessment of the appropriate sentence based on the particular facts presented. United States v. Carter, 564 F.3d 325, 329 (4th Cir. 2009).

15

In *Lynn*, however, we applied a harmless error analysis to a within-guidelines sentence even though the district court failed to provide reasons for its sentencing determination. 592 F.3d at 585. We held that under such circumstances, the government bears the burden to establish convincingly that the district court's error was harmless.[5] See *Lynn*, 592 F.3d at 585. Although we ultimately held that the government failed to meet its burden of establishing that the procedural sentencing error was harmless, our decision in *Lynn* nevertheless provides guidance that in an appropriate and exceptional case, we may affirm a district court's within-guidelines sentence even though the court committed procedural sentencing error.

One case in which we applied harmless error review in affirming a defendant's sentence was *United States v. Boulware*, 604 F.3d 832 (4th Cir. 2010). In *Boulware*, the government conceded that the district court committed procedural error by failing to sufficiently explain the court's rejection of the defendant's request for a below-guidelines sentence. In holding that any procedural error committed was harmless, we emphasized

_____

[5] In order to satisfy this burden, the government must demonstrate that the error "'did not have a substantial and injurious effect or influence' on the result," so that we can say with "fair assurance" that the district court's consideration of the defendant's arguments "would not have affected the sentence imposed." *Lynn*, 592 F.3d at 585 (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)).

16

that the record established that the district court undertook the § 3553(a) analysis, and considered the Boulware's arguments in the context of this statutory requirement. Id. at 839.

These conclusions in Boulware were based on our observation of the district court's statements during sentencing that the court had "taken into account all the factors required of [it] by Section 3553(a), including the nature and characteristics of the defendant, the nature and circumstances of the offense, the need to promote deterrence, a specific deterrence and general deterrence, and all the other factors required." Id. at 835. The district court further stated that after considering these factors and applying them to the situation presented, the court was convinced that the sentence it was imposing was appropriate. Id. at 835. Thus, the record made by the district court in Boulware allowed us to conduct meaningful appellate review, such that we did not have to guess regarding the district court's rationale. See Carter, 564 F.3d at 329-30.

In contrast to the record in Boulware, the record here does not reveal any reason offered by the district court in support of the sentence imposed. After the parties made their sentencing arguments, the district court stated Leech's guidelines offense level and criminal history score and then simply announced the sentence. The court did not acknowledge

17

the arguments made by counsel for Leech, and did not mention § 3553(a) or discuss any of the § 3553(a) factors.

We therefore have no basis for determining whether the district court undertook the § 3553(a) analysis in sentencing Leech, or considered Leech's argument in the context of the § 3553(a) factors. Cf. Boulware, 604 F.3d at 839. Because the record leaves us unable to conduct meaningful appellate review of Leech's sentence, we hold that this is not an exceptional case appropriate for affirmance under the harmless error doctrine.

Instead, we conclude that this case is similar to Carter, in which we vacated the defendant's sentence and remanded for resentencing because the district court failed to justify its sentence with an "individualized rationale." 564 F.3d at 328-29. In Carter, as is true here, the record did not reveal why the district court concluded that the sentence it imposed was appropriate. Id. at 330.

Our decision in Carter reflected the Supreme Court's admonition in Gall that the district court, rather than the appellate court, is required to make an individualized sentencing determination based on the facts presented. Carter, 564 F.3d at 329-30 (citing Gall, 552 U.S. at 50-52). Thus, we held in Carter that an appellate court may not speculate

18

regarding the district court's rationale when reviewing a defendant's challenge to his sentence. 564 F.3d at 329.

In view of the complete absence of reasons offered by the district court to explain Leech's sentence, we are left merely to speculate regarding the district court's reasons for imposing that sentence. Therefore, in accordance with our holding in Carter, we must vacate Leech's sentence and remand for resentencing. See id.

For these reasons, we affirm Leech's conviction, but vacate his sentence and remand for resentencing.[6]

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[6] Prior to oral argument, Leech filed a motion in this court seeking leave to file a pro se supplemental brief. We grant this motion, and reject as meritless Leech's arguments that the district court lacked jurisdiction to conduct his criminal proceedings, and that his indictment was issued in violation of the Fifth Amendment.